UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | | |
|---|---|---|
| ANDREW FISHER, } | | |
| ON BEHALF OF HIMSELF AND } | | |
| ALL OTHERS SIMILIARLY SITUATED, } | | |
| } | | |
| Plaintiffs, } | Civil Action, File No. | |
| v } | 1:18-cv-03067-PKC-SJB | |
| } | | |
| NATIONAL COLLEGIATE STUDENT LOAN } | | |
| TRUST 2006-1, } | | |
| THE NATIONAL COLLEGIATE FUNDING LLC, } | | |
| TRANSWORLD SYSTEMS, INC., } | | |
| VANTAGE CAPITAL GROUP, LLC } | | |
| AND RUBIN & ROTHMAN, LLC, } | | |
| } | | |
| Defendants. } | | |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Andrew Fisher ["Fisher"] on behalf of himsf and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Transworld Systems, Inc. ("Transworld"), The National Collegiate Funding LLC, National Collegiate Student Loan Trust 2006-1, Vantage Capital Group, LLC ("Vantage"), and Rubin & Rothman, LLC ["Rubin"], and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Transworld and Rubin's regular transaction of business within this district. Venue in this district also is proper based on Transworld and Rubin possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.

Transworld and Rubin also derive substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Fisher is a natural persons who reside at 1019 E. 12th Street, Brooklyn, NY 11230.

6. Fisher is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. Rubin is a New York limited liability company with a principal place of business located at 1787 Veterans Highway, Suite 32, Islandia, NY 11749.

8. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes any attorney-at-law or law firm engaging in traditional debt collection activity. See also Eric M. Berman, P.C. v. City of N.Y., 796 F.3d 171 (2nd Cir., 2015).

9. Rubin possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

10. On the first and third page of Exhibit A, Rubin sets forth that it is a debt collector attempting to collect an alleged debt. Exhibit A contain disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

11. Based upon Exhibit A and upon Rubin possessing a license from the New York City

Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of Rubin is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

12. Based upon the allegations in the above four paragraphs, Rubin is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

13. Transworld is a California Domestic Corporation and a New York Foreign Corporation with a principal place of business of 500 Virginia Drive, Ste. 514, Ft. Washington, PA 19034.

14. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Transworld possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".]

15. Transworld operates an "Attorney Network business unit which is the agent and "Service Provider" (defined in Exhibit B) for fifteen Delaware statutory trusts including Defendants National Collegiate Student Loan Trust 2006-1. See Exhibit B.

16. Based on Exhibit B, the principal purpose of Transworld is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

17. Based upon the allegations in the above three paragraphs, Transworld is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

18. Rubin at the request and/or with the authority of Transworld and on behalf of National

Collegiate Student Loan Trust 2006-1 filed and served Exhibit A.

19. For the reasons set forth below, Fisher's receipt and reading of Exhibit A deprived Fisher of the right to not be subject to abusive, deceptive, or misleading debt collection practices.

20. Per Exhibit A, Exhibit A was filed and served to attempt to collect from Fisher an educational loan debt. Also, Exhibit A was an attempt to collect this past due debt from Fisher in their individual capacity. Therefore, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

21. The National Collegiate Funding LLC is a corporation with a principal place of business of c/o Wilmington Trust Company, as Owner Trustee, 100 North Market Street, Wilmington, DE 19890.

22. National Collegiate Student Loan Trust 2006-1 is a Delaware Statutory Trust with a principal place of business and principal office at 230 Park Avenue, New York, New York.

23. Vantage is a Florida Limited Liability Company located in Delray Beach, FL.

### FIRST CAUSE OF ACTION-CLASS CLAIM

24. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-23 of this Complaint.

25. **Section 18 of the New York State General Association Law ("Section 18") requires trusts doing business in New York to file a certificate of designation with the New York State Secretary of State before they are permitted to commence a lawsuit in New York State Court.**

26. National Collegiate Student Loan Trust 2006-1 does business in New York by virtue of the fact that it maintains an office in New York City, is organized under New York law, is

composed of significantly New York debt, enters into contracts (including buying and selling its securities) in New York, has its principal place of business and principal office at 230 Park Avenue, New York, New York. National Collegiate Student Loan Trust 2006-1 also does business in New York by virtue of the number of lawsuits it brings throughout New York, the volume of its debt collection activities throughout New York, and its use of attorneys and debt collectors located throughout New York to file the lawsuits and attempt to collect the debt.

27. National Collegiate Student Loan Trust 2006-1 **did not file a certificate under Section 18**.

28. Since National Collegiate Student Loan Trust 2006-1 **did not file a certificate under Section 18** but does business in New York, Rubin at the request and/or with the authority of Transworld and on behalf of National Collegiate Student Loan Trust 2006-1 had no legal right to file Exhibit A.

29. Transworld, on behalf of itself and National Collegiate Student Loan Trust 2006-1 issued work standards, directives, and/or guidelines to Rubin which contained instructions, controls, and rules governing the steps Rubin could and could not take to attempt to collect debts including the filing and prosecution of lawsuits. These instructions, controls, and rules controlled and/or substantially effected all the actions Rubin took regarding the attempt to collection the educational loan debt via Exhibit A.

30. All the actions alleged in this Complaint taken by Rubin were taken by Rubin as the attorney and/or "debt collector" for, on behalf of, or at the request of the "debt collector" Transworld.

31. Based on the allegations in paragraphs 29 and 30 of this Complaint, Transworld is vicariously liable for the actions of Rubin in attempting to collect the educational loan debt via the filing and/or service of Exhibit A.

32. Based on the allegations in this cause of action, Transworld and Rubin violated 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(5),15 USC 1692f , and/or 15 USC 1692f(1).

## SECOND CAUSE OF ACTION-CLASS CLAIM

33. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-23 of this Complaint.

34. Exhibit A directly or indirectly represented to Fisher and the court that National Collegiate Student Loan Trust 2006-1 had standing and/or a legal right to file and/or serve Exhibit A and/or to obtain a Judgment for the amount sought in Exhibit A.

35. As set forth in Exhibit A, the educational loan debt referred to in Exhibit A did not originate with National Collegiate Student Loan Trust 2006-1.

36. The educational loan debt referred to in Exhibit A were assigned, sold, or transferred one or more times before National Collegiate Student Loan Trust 2006-1 allegedly became the owner of the educational loan debt.

37. Prior to the filing and/or service of Exhibit A, Fisher did not receive a notice of the assignment, transfer, or sale from each and every prior assignor of the educational loan debt.

38. Prior to the filing and/or service of Exhibit A, Fisher was not sent a notice of the assignment, transfer, or sale by each and every prior assignor of the educational loan debt.  In the alternative, prior to the filing and/or service of Exhibit A, there did not exist the ability to produce a document showing that Fisher was sent a notice of the assignment, transfer, or sale by each and every prior assignor of the educational loan debt and/or the date on which Fisher received such notice.

39. Fisher allegedly was sent Exhibit C; but Exhibit C does not amount to each of the required notices of assignment for the following reasons:  (a) Exhibit C refers to an assignment to

"National Collegiate Trust"; but the loan ultimately was assigned to Defendant National Collegiate Student Loan Trust 2006-1, a separate legal entity from "National Collegiate Trust"; (b) the loan was assigned from the original lender to The National Collegiate Funding LLC and then to National Collegiate Student Loan Trust 2006-1; and Exhibit C references only one assignment; and (c) Exhibit C is not from the assignor.

40. For the reasons set forth in the above paragraphs 35-38, notwithstanding and separate and apart from NY CPLR 5019(c), pursuant to New York common law, National Collegiate Student Loan Trust 2006-1 did not have standing and/or a legal right to file and/or serve Exhibit A and/or to obtain a Judgment for the amount sought in Exhibit A.

41. Prior to filing and/or serving Exhibit A, Rubin did not request, possess, and/or or review any documentation regarding the notice to Fisher of the assignment, transfer, or sale by each and every prior assignor of the educational loan debt. Therefore, Rubin failed to conduct a "meaningful attorney review" prior to filing and/or serving Exhibit A.

42. Transworld, on behalf of itself and National Collegiate Student Loan Trust 2006-1, issued work standards, directives, and/or guidelines to Rubin which contained instructions, controls, and rules governing the steps Rubin could and could not take to attempt to collect debts including the filing and prosecution of lawsuits. These instructions, controls, and rules included the types of account documents Rubin could request or obtain at various stages of a debt collection lawsuit. These instructions, controls, and rules controlled and/or substantially effected all the actions Rubin took regarding the attempt to collection the educational loan debts via Exhibit A.

43. All the actions alleged in this Complaint taken by Rubin were taken by Rubin as the attorney and/or "debt collector" for, on behalf of or at the request of the "debt collector" Transworld.

44. Based on the allegations in paragraphs 41 and 42 of this Complaint, Transworld is vicariously liable for the actions of Rubin in attempting to collect the educational loan debt via the filing and/or service of Exhibit A.

45. Prior to Rubin filing and/or serving Exhibit A Transworld refused to provide to Rubin or prohibited Rubin from requesting any documentation regarding the notice to Fisher of the assignment, transfer, or sale by each and every prior assignor of the educational loan debt. In the alternative, Transworld authorized Rubin to file and/or serve Exhibit A without Rubin requesting or possessing any documentation regarding the notice to Fisher of the assignment, transfer, or sale by each and every prior assignor of the educational loan debt. In the alternative, prior to Rubin filing and/or serving Exhibit A, Transword knew or should have known that there did not exist the ability to produce a document showing that Fisher was sent a notice of the assignment, transfer, or sale by each and every prior assignor of the educational loan debt and/or the date on which Fisher received such notice.

46. For the reasons set forth above, Rubin attempting to collect the educational loan debts via the filing and/or service of Exhibit A amounted to a violation by Transworld and Rubin of 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(3), 15 USC 1692e(5), 15 USC 1692e(10), 15 USC 1692f, and/or 15 USC 1692f (1).

## THIRD CAUSE OF ACTION-CLASS CLAIM

47. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-23 of this Complaint.

48. Through at least May 4, 2017, Rubin continued to attempt to obtain a Judgment against Fisher based on Exhibit A by filing and serving a Motion for Summary Judgment.

49. For the reasons set forth in the First and Second Cause of Action, National Collegiate Student Loan Trust 2006-1 did not have a legal right to obtain a Judgment for the amount sought in Exhibit A.

50. Transworld, on behalf of itself and National Collegiate Student Loan Trust 2006-1 issued work standards, directives, and/or guidelines to Rubin which contained instructions, controls, and rules governing the steps Rubin could and could not take to attempt to collect debts including the filing and prosecution of lawsuits. These instructions, controls, and rules included the types of account documents Rubin could request or obtain at various stages of a debt collection lawsuit. These instructions, controls, and rules controlled and/or substantially effected all the actions Rubin took regarding the attempt to collection the educational loan debts via Exhibit A.

51. All the actions alleged in this Complaint taken by Rubin were taken by Rubin as the attorney and/or "debt collector" for, on behalf of or at the request of the "debt collector" Transworld.

52. Based on the allegations in paragraphs 49 and 50 of this Complaint, Transworld is vicariously liable for the actions of Rubin in attempting to collect the educational loan debts via the filing and/or service of Exhibit A.

53. For the reasons set forth above, Rubin continuing to attempt to obtain a Judgment against Fisher based on Exhibit A by filing and serving a Motion for Summary Judgment amounted

to a violation by Transworld and Rubin of 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(3), 15 USC 1692e(5), 15 USC 1692e(10), 15 USC 1692f, and/or 15 USC 1692f (1).

### FOURTH CAUSE OF ACTION-CLASS CLAIM

54. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-53 of this Complaint.

55. Based on the allegations set forth in this Complaint, the filing and/or service of Exhibit A by Rubin and Rubin continuing to attempt to obtain a Judgment against Fisher based on Exhibit A by filing and serving a Motion for Summary Judgment was deceptive or misleading.

56. Based on the allegations in paragraph 39 of this Complaint, Rubin's use of Exhibit C in the aforementioned Motion for Summary Judgment as alleged proof of the existence of all the required notices of assignment was deceptive or misleading.

57. Upon information and belief, at the time Rubin sent Exhibit D to Fisher, the statute of limitations for the commencement of a lawsuit to recover the debt set forth in Exhibit D had expired. Exhibit D did not notify Fisher that a payment or partial payment could re-start the statute of limitations, and therefore Exhibit D was deceptive or misleading.

58. The filing and/or service of Exhibit A, continuing to attempt to obtain a Judgment against Fisher based on Exhibit A by filing and serving a Motion for Summary Judgment, the aforementioned use of Exhibit C, and Exhibit D were consumer oriented for the following reasons:

    a. They were directed at Fisher;

    b. Fisher is a consumer;

    c. The conduct at issue against Fisher affected or had the potential to affect

      similarly situated consumers; and

    d. Defendants regularly attempt to collect student loans and other consumer debts from hundreds or thousands of consumers. The same or similar misrepresentations and deceptions set forth in this Complaint were directed at numerous numbers of these consumers.

59. Fisher suffered injuries as a result of the deceptive or misleading actions including but not limited to the aforementioned violations of his rights under the FDCPA, the cost of retaining an attorney to defend himself, and the emotional distress of being sued and having to defend against a lawsuit.

60. For the same reasons as set forth in the prior causes of action in this Complaint, Transworld is vicariously liable and/or directly responsible for each of the aforementioned misrepresentations and deceptions set forth above.

61. The actions by Rubin and Transworld set forth in this Complaint were done by Rubin and Transworld as the attorney and/or agent of and for the benefit of National Collegiate Student Loan Trust 2006-1, The National Collegiate Funding LLC, and Vantage.

62. In light of the allegations in this cause of action, each of the aforementioned misrepresentations and deceptions set forth above constitute a violation of General Business Law 349 by Defendants.

## CLASS ALLEGATIONS

63. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

64. The class consist of (a) all consumers (b) sued in New York State on behalf of National Collegiate Student Loan Trust 2006-1 via a lawsuit materially identical to Exhibit A within 3 years of the date of the filing of this lawsuit.

65. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

66. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

67. The predominant common question is whether the filing and/or serving of Exhibit A violates the FDCPA and/or General Business Law 349.

68. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

69. A class action is the superior means of adjudicating this dispute.

70. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory damages, actual damages, and punitive damages in an amount to be determined at trial plus costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:        June 20, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709